UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

LILIANA HENNINGER

 Plaintiff,

v.

COMMUNICATIONS TEST
DESIGN, INC. a/k/a CTDI

 Defendant,
_____/

## COMPLAINT

Comes Now the Plaintiff, Liliana Henninger, by and through the undersigned counsel, and hereby sues Defendant Communications Test Design, Inc. a/k/a CTDI, and alleges:

### Introduction

This is an action for equitable and monetary relief brought by Plaintiff to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 USC. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1).

### Jurisdiction Venues and Parties

1. This is an action for damages whose amount exceeds Fifteen Thousand

Dollars ($15,000.00), exclusive of interest, Attorney's fees, and costs.

2. Plaintiff Liliana Henninger is a resident of Orange County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FMLA.

3. Defendant Communications Test Design, Inc. a/k/a CTDI (from now on CTDI, or Defendant) is a Foreign Profit Corporation authorized to perform business in Florida. Defendant had a place of business in Orlando, Orange County, Florida. Defendant CTDI was and is engaged in interstate commerce.

4. The venue of this action is properly placed in the Middle District of Florida, Orlando Division, pursuant to 28 USC §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Orange County, within the jurisdiction of this Honorable Court.

Allegations Common to all Counts

5. Plaintiff Liliana Henninger is a 47-year-old qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant. Accordingly, Plaintiff is a covered employee within the meaning of the FMLA.

6. Defendant CTDI is a full-service engineering, repair, and logistics company providing technical services to the communications industry. Defendant's

corporate headquarters are located in West Chester, PA., and has facilities in Europe, Asia Pacific, South America, and North America.

7. Plaintiff worked at CTDI facilities at 9620 Air Commerce Pkwy, Orlando, Florida 32827.

8. Defendant CTDI is engaged in an industry affecting commerce, employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Accordingly, Defendant is a covered employer within the meaning of the FMLA.

9. Defendant CTDI employed Plaintiff Liliana Henninger from approximately January 20, 2018, to May 16, 2022, or more than four years.

10. Plaintiff was hired as a full-time employee, working 40 hours or more. Plaintiff had duties scanning boxes. At the time of her termination, Plaintiff's wage rate was $13.68 an hour.

11. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

12. On or around November 29, 2021, while Plaintiff was working, a heavy box hit Plaintiff on her chest. As a result, Plaintiff suffered the rupture of her breast implants.

13. Plaintiff reported the accident to her Employer.

14. Plaintiff suffered injuries that required medical attention.

15. On or about March 2022, Plaintiff requested her Employer two weeks of vacation plus two more weeks to get the surgery she needed. Plaintiff requested a total of four weeks leave.

16. Plaintiff spoke to Supervisor Emanuel Torres, who informed her that he could only approve the two weeks of vacation, but Plaintiff would have to ask third Party Administrator, The Hartford, for an FMLA leave to cover the remaining two weeks.

17. Plaintiff contacted Third Party Administrator, The Hartford, and asked for four weeks off.

18. Plaintiff timely turned in all the requested information and all required forms.

19. Third Party Administrator, The Hartford, informed Plaintiff that they could only approve the extra two weeks as an FMLA leave, but she had to re-submit her petition after Plaintiff had the surgery.

20. On or about April 18, 2022, Plaintiff started her vacation period of two weeks. Then, Plaintiff would be on FMLA leave for two more weeks. Plaintiff would be back to work on May 16, 2022.

21. On or about April 25, 2022, Plaintiff had surgery to remove the breast implants that were damaged when the heavy box hit her on the chest.

22. The next day on or about April 26, 2022, Plaintiff called the Third Party Administrator, The Hartford, to notify that she already had the surgery and requested two weeks of FMLA leave, as she was instructed to do and as agreed. Plaintiff turned in all the required information and forms.

23. On or about May 14, 2022, Plaintiff returned to Miami after having surgery in Ecuador.

24. On or about May 16, 2022, Plaintiff went back to work. However, Plaintiff was told that she had been terminated for failure to show up to work.

25. Plaintiff intended to recover her employment and explained the events, but CTDI ignored Plaintiff's complaints.

26. Therefore, on or about May 16, 2022, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

27. Defendant CTDIF is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654), and Plaintiff was entitled to the FMLA leave. However, Defendant interfered with Plaintiff's protected rights under the FMLA. Defendant, in complete disregard of Plaintiff's rights under the Family Medical Leave Act, fired Plaintiff, preventing her

from obtaining the benefits of an FMLA-protected leave and then continuing her job in her original position or an equivalent position.

28. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

29. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described above, Plaintiff has sustained damages for the loss of her employment and the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

30. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act and any other remedy as allowable by law.

## COUNT I:
## VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993; INTERFERENCE WITH FMLA RIGHTS

31. Plaintiff Liliana Henninger re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-30 above as if set out in full herein.

32. This is an action against corporate Defendant CTDI for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

33. At all times relevant and material, Defendant CTDI is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

34. Plaintiff Liliana Henninger is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

35. Defendant CTDI employed Plaintiff Liliana Henninger from approximately January 20, 2018, to May 16, 2022, or more than four years.

36. Plaintiff was hired as a full-time employee, working 40 hours or more. Plaintiff had duties scanning boxes. At the time of her termination, Plaintiff's wage rate was $13.68 an hour.

37. Plaintiff had worked for CTDI for more than 1250 hours in the 12 months preceding her need for medical leave.

38. At all times material, Plaintiff was qualified to perform her job scanning boxes within the legitimate expectations of her Employer.

39. Plaintiff was eligible for the FMLA's protection

40. CTDI was an Employer covered by the FMLA provisions.

41. Plaintiff was entitled to leave under the FMLA to take care of a serious health condition caused by the accident suffered at the workplace. Plaintiff's surgery made Plaintiff unable to perform the essential functions of her job.

42. Plaintiff provided sufficient notice of her need to take an FMLA leave.

43. Defendant CTDI denied Plaintiff FMLA benefits to which she was entitled.

44. Defendant took materially adverse actions against Plaintiff and terminated her employment and benefits because she exercised rights protected under the FMLA.

45. On or about May 16, 2022, Defendant terminated Plaintiff, falsely alleging failure to show up to work.

46. Therefore, on May 16, 2022, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

47. Defendant CTDI is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Accordingly, Defendant interfered

with Plaintiff's rights.

48. 29 US CODE § 2615 states in the pertinent part:

   **a) Interference with rights**
   **(1) Exercise of rights**
   It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter.
   **(2) Discrimination**

   It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

49. Plaintiff was entitled to an FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of FMLA to take care of a serious health condition and then continuing her job in her original position or any equivalent position.

50. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided

under this subchapter."

51. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present, and will continue in the future.

52. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Liliana Henninger respectfully requests that this Honorable Court will grant judgment:

    A. Finding that CTDI's actions towards Plaintiff to be violative of Plaintiff's rights under the FMLA;

    B. Awarding Plaintiff Liliana Henninger payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

    C. Awarding Plaintiff an additional equal amount as liquidated damages

for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## Demand for a Jury Trial

Plaintiff Liliana Henninger demands a trial by jury of all issues triable as right by jury.

## COUNT II:
## VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

53. Plaintiff Liliana Henninger re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-30 above as if set out in full herein.

54. This is an action against corporate Defendant CTDI for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

55. At all times relevant and material, Defendant CTDI is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

56. Plaintiff Liliana Henninger is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

57. Defendant CTDI employed Plaintiff Liliana Henninger from approximately January 20, 2018, to May 16, 2022, or more than four years.

58. Plaintiff was hired as a full-time employee, working 40 hours or more. Plaintiff had duties scanning boxes. At the time of her termination, Plaintiff's wage rate was $13.68 an hour.

59. Plaintiff had worked for CTDI for more than 1250 hours in the 12 months preceding her need for medical leave.

60. At all times material, Plaintiff was qualified to perform her job as a production employee within the legitimate expectations of her Employer.

61. While working at the workplace, Plaintiff suffered injuries that required medical attention.

62. On or about March 2022, Plaintiff requested her Employer two weeks of vacation plus two more weeks to get the surgery she needed. Plaintiff requested a total of four weeks leave.

63. Defendant directed Plaintiff to request third Party Administrator, The Hartford, the FMLA leave.

64. Plaintiff was instructed to request two weeks of FMLA leave after her surgery.

65. Plaintiff followed instructions and requested two weeks of FMLA leave exactly the next day after her surgery. Plaintiff timely submitted all the required information and forms.

66. Plaintiff engaged in statutorily protected conduct by requesting an FMLA leave.

67. However, upon Plaintiff's return to work, as agreed on or about May 16, 2022, Defendant terminated Plaintiff, alleging failure to show up to work.

68. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

69. There is a causal link between Plaintiff's protected activity and the adverse action.

70. Plaintiff was wrongfully terminated from her position in retaliation for exercising her rights under the Act, thereby adversely affecting Plaintiff.

71. Defendant CTDI is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendant retaliated against Plaintiff violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in the pertinent part:

§ 825.220 Protection for employees who request leave or otherwise assert FMLA rights.

**(a)** The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

**(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

**(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

72. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA leave of absence to take care of her serious health condition, and then continuing her job in her original position or any equivalent position.

73. Defendant willfully and wantonly denied or otherwise interfered and retaliated against Plaintiff for her attempts to exercise substantive rights under the Family Medical Leave Act.

74. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost

wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

75. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff Liliana Henninger respectfully requests that this Honorable Court will grant judgment:

- A. Finding that CTDI's actions toward Plaintiff are violative of Plaintiff's rights under the FMLA.

- B. Awarding Plaintiff Liliana Henninger payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

- C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

- D. Granting such other and further relief as is just and proper;

- E. Awarding Plaintiff costs, including a reasonable attorney's fee.

## Jury Demand

Plaintiff Liliana Henninger demands a trial by a jury of all issues triable as of right by jury.

Date: February 27, 2023,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*